ANTHONY B. BASS, Plaintiff-Appellant, v. MICHAEL J. HAMBLET *et al.*, Indiv. and Collectively as The City of Chicago Electoral Board, Defendants-Appellees (Rickey Hendon *et al.*, Objectors).

First District (6th Division)  No. 1—94—0603

Opinion filed September 30, 1994.

RAKOWSKI, J., dissenting.

Michael E. Lavelle, of Oak Park, and Robert Kipnis, of Holstein, Mack & Klein, of Chicago, for appellant.

Ernesto D. Borges, of Chicago, for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Objectors, Rickey Hendon and Bernette Barnes, filed written objections to the nominating petition of plaintiff, Anthony B. Bass, a candidate for State Senator for the fifth legislative district of Illinois in the March 15, 1994, Democratic primary election. The City of Chicago Electoral Board (Electoral Board) sustained the objections of

Hendon and Barnes and struck six signature sheets filed in support of plaintiff's nominating petition. As a result, the Electoral Board found that plaintiff had an insufficient number of electors' signatures and ordered that plaintiff's name not be placed on the ballot. Plaintiff's request for judicial review of that decision was dismissed by the circuit court of Cook County, and plaintiff has appealed. This court granted plaintiff's request for an expedited hearing, and on March 2, 1994, we entered an order reversing the decision of the trial court and stating that an opinion would follow.

The record reflects that plaintiff filed nomination papers for the office of State Senator for the fifth legislative district of Illinois (District) for the Democratic primary election to be held on March 15, 1994. Those nomination papers included the signatures of 1,955 voters within the District. Defendants Hendon and Barnes filed objections challenging plaintiff's nomination papers, asserting, *inter alia*, that six nominating petitions could not be considered by the Board because the circulator, Ms. Annie Mack, was not a "duly registered voter" within the District at the time she circulated the six petitions.

At the hearing held on those objections, Mack testified that prior to December 1992, she lived and was registered to vote at 4331 West Augusta in the City of Chicago. In December 1992, Mack moved from her residence on Augusta to 1735 North Mayfield in Chicago, Illinois. Both addresses were within the political subdivision of the fifth legislative district. Mack testified that at the time she circulated the petitions on behalf of plaintiff, she lived at the Mayfield address, and this was the address shown on the circulator's affidavits which were executed by Mack before a notary on December 5, 1993. On December 8, 1993, Mack effected a change of her voter registration to reflect her address on Mayfield. No evidence was presented indicating that there were any irregularities or fraud committed by Mack.

The Board ordered the six petitions circulated by Mack be stricken in their entirety, without requiring that the signatures on the petitions be verified through a binder check. Accordingly, none of the 150 signatures included on those petitions were considered in computing the total number of valid signatures obtained by plaintiff in support of his nomination.

The Board deemed valid only 604 of the 1,955 signatures submitted by plaintiff. Because the statutory minimum number of signatures required for placement of a candidate's name on the ballot was 615, the Board ordered that plaintiff's name not appear on the ballot for the primary election to be held on March 15, 1994. This appeal followed the circuit court's dismissal of plaintiff's request for judicial review of the decision by the Electoral Board.

■ Section 8—8 of the Illinois Election Code sets forth the requirements of a nominating petition for office in the Illinois General Assembly which must be filed as a prerequisite to the candidate's name being placed on the ballot. (10 ILCS 5/8—8 (West 1992).) Section 8—8 provides, *inter alia*, as follows:

"In the affidavit at the bottom of each sheet, the petition circulator[, who shall have been a registered voter at all times he or she circulated the petition,] shall state his street address ***, as well as his city, village or town." 10 ILCS 5/8—8 (West 1992).

■ It is undisputed that Mack had been registered to vote within the fifth legislative district of Illinois at the time she circulated the petitions on behalf of plaintiff. It is also undisputed that each of the affidavits signed by Mack accurately reflected her address at 1735 North Mayfield in Chicago. Thus, the affidavits signed by Mack were in compliance with the requirements set forth in section 8—8 of the Election Code. In those affidavits, Mack did not swear that she was registered to vote at 1735 North Mayfield, nor was she required to do so under the language of section 8—8. See *Henderson v. Miller* (1992), 228 Ill. App. 3d 260, 264, 592 N.E.2d 570.

The Electoral Board found, however, that the petition sheets circulated by Mack were invalid because she was not registered to vote at 1735 North Mayfield when the petitions were circulated. In so finding, the Electoral Board determined that the actions of Mack, as a circulator, were subject to the requirements of section 3—1.2 of the Election Code, which provides as follows:

"For the purpose of determining eligibility to sign a nominating petition *** the terms 'voter', 'registered voter', 'qualified voter', 'legal voter', 'elector', 'qualified elector', 'primary elector' and 'qualified primary elector' as used in this Code *** shall mean a person who is registered to vote at the address shown opposite his signature on the petition or was registered to vote at such address when he signed the petition." 10 ILCS 5/3—1.2 (West 1992).

The enactment of this statute codified the earlier decision reached by the court in *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 445 N.E.2d 1337, which held that a person who signs a nominating petition must be registered to vote at the residence address set forth on the nominating petition. *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 869, 445 N.E.2d 1337.

Section 3—1.2 states, however, it is relevant "[f]or the purpose of determining eligibility to sign a nominating petition." (10 ILCS 5/3—1.2 (West 1992).) Thus the applicability of section 3—1.2 is specifically limited to only those signing a nominating petition and dictates

qualifications which are different from those specified in section 8—8 for petition circulators. Under the plain language of this section, this statutory provision does not govern the actions of petition circulators. We hold that the Electoral Board improperly expanded the statutory language contained in section 3—1.2 and erred in applying that section to Mack, the circulator of the petition sheets. The action of the Electoral Board effectively cancelled the signatures of each of the voters who signed the challenged petitions and nullified their right to have the candidate of their choice appear on the ballot. We hold that such action was improper where the requirements set forth in section 8—8 had been complied with and where there was no evidence of fraud on the part of the circulator.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

EGAN, P.J., concurs.

JUSTICE RAKOWSKI, dissenting:

I respectfully submit that the majority opinion is contrary to section 3—1.2 and pertinent case law (*Greene* and the authority cited therein).

Annie Mack was not registered to vote at the address opposite her signature on the circulator's affidavit on the petition sheet, nor was she registered to vote at such address when she signed the circulating affidavit.

According to the majority position, voters may have a permanent residence in two places at the same time (the residence at which he or she is registered to vote and the residence at which the voter claims as his or her principal dwelling place). In Annie Mack's case, she could claim to be registered at one address and claim to reside at another. Under this scenario she would be eligible to circulate nominating petitions claiming either address.

Accordingly, I would affirm the decision of the circuit court.